Good morning, Your Honor. May it please the Court, my name is Sarah Gisarian. I am the attorney for Mr. Fadjougan-Herguilla, and if I may, I'd like to reserve four minutes. Yes. You should try to keep track of it yourself, but I'll also try to provide you. I appreciate that, Your Honor. This is a case about four errors by the immigration judge in removing my client from this country and in refusing to reopen removal hearings. Any one of those errors would mandate reopening, would mandate this Court ordering that the judge reopen those proceedings. The four of them in concert, Your Honors, makes it absolutely mandatory that the Court order that the proceedings be reopened. The first error, Your Honors, goes to the ineffective assistance of counsel issue, and I think that that is probably the biggest issue here. Well, let me try to get this straight. There's asylum, withholding, and torture. As far as the asylum claim, do you reach ineffective assistance of counsel on that claim? I think that the ineffective assistance of counsel is the overarching issue in that had he been given the opportunity, I believe his application sought withholding and asylum, and had he been given the opportunity to file that application, he could have potentially had the opportunity to apply for all of those. But the asylum issue has the separate issue of the prior conviction. It also has the one-year issue as well, doesn't it? The one-year issue, but that goes back to the ineffective assistance of counsel, because it's one year unless you can show changed or extraordinary circumstances. And since he never got the chance to argue his case, never got the chance to file the application, he couldn't show whether either of those were the case that would excuse the failure to apply for asylum within one year. I don't even need to reach that issue. If we grant the petition on the jurisdictional question and find error in the immigration judge's failure to follow our modified Taylor categorical approach in determining whether or not he'd been convicted of an aggravated felony, he's going to get a reopened proceeding before the immigration judge at which he'll be able to litigate these other issues, won't he? I believe that that's correct, Your Honor. That was what I was asking. I thought that's what Judge Reinhart was asking. Oh, perhaps I misunderstood. Yeah. You can reopen under either of these issues, the ineffective assistance of counsel or the prior conviction issue. The prior conviction one's clearer, I would think. Yeah. Part of the problem with your IAC claim is that you didn't comply with the tree of the matter of Lozada. But strict compliance with Lozada is just not necessary. I mean, first of all, this Court has said many times, most notably in Lowe v. Ashcroft, that those factors are to be applied flexibly in all cases. And when you have a case like this where the ineffective assistance of counsel is plain on the face of the record. What's odd about this one, frankly, is that we didn't yet have an appearance of counsel. As far as the immigration court was concerned, dealing with a pro se petitioner and apparently the petitioner had gone to seek legal assistance and then there were the problems with the legal assistant and so on. But it's not quite as clean a case as we would normally see where there's an actual appearance by someone who purports to be acting as counsel for the petitioner who then ignores the file or all the other problems that we see. Respectfully, Your Honor, I don't think that that makes a difference. He appeared pro se at the hearings and then chose to go back and get counsel to help him through the process of application. And I think that the Florence Project Paralegals Affidavit gets around the problem of you didn't have counsel who appeared and failed to file something. You've got counsel saying on the record, yeah, I was retained to do this and I'm not going to reopen. I made the mistake and I failed to file the application. And that is what causes the ineffective assistance of counsel to show up plain on the face of the record. The attorney for the government, I think, was a stipulated motion to vacate, wasn't it? It was a stipulated motion to reopen. Or to grant the motion, yes. Yes, that's correct. And I think that just adds to you. That's telling in itself. It is, Your Honor. I think that the fact that the I.J. in the face of that still said, no, I'm not going to reopen, it was just another error piling on top of the other four. Well, I didn't mean to suggest that there was no merit to the ineffective assistance. What I said was for the asylum, at least, you have alternative arguments. And the ineffective assistance is an alternative to the conviction argument. That's correct, Your Honor. And my suggestion was simply that the conviction one seems fairly simple. And the conviction one is fairly simple. If you look at the fact that this the findings of fact were not made on the record like the I.J. is required to do, then I think that you have to reopen the proceedings to permit my client to go ahead and get what he is entitled to. Can you get more than reopening under your other theory? Excuse me? I said, can you get more than reopening under your other theory? I think that both of these theories simply go to reopening. Yeah. Okay. So the asylum one can be dealt with simply under the Taylor theory, is it? That's correct, Your Honor. And it's the withholding and torture in which you have to reach the ineffective assistance? No. Well, yes, Your Honor, I agree with that. It is the withholding, correct. And that's my four minutes, so unless you have any other questions. Oh, okay. May it please the Court. My name is Ernesto Molina with the Department of Justice's Office of Immigration Litigation, and I represent the Respondent, Alberto Gonzalez, in this case. In this case, the Court addresses an alien who failed to file a timely application when provided an opportunity to do so before an immigration judge, then filed a motion to reopen claiming ineffective assistance in which the requirements of a matter of lozada were not met. The immigration judge correctly denied the motion to reopen, and this Court should affirm that decision. What do we do with the joint motion to reopen that the immigration judge ignored? I mean, it seems to me that the government conceded that there was a need to reopen, at least as to part of the case. Not quite, Your Honor. In other words, that there was obvious error here. Oh, no, no. Obvious ineffectiveness. Oh, no. Well, that's what I hear are two different questions, Your Honor, and I'll have to break them out one by one. First, with regard to the motion being a joint motion. You know, that's fine, but recall that the agency that was joining that motion was the Department of Homeland Security, a separate agency from the EOIR immigration judge, which is under the Department of Justice. Be careful, Mr. Molina. You're not suggesting to us, are you, that there's two governments instead of one? No, Your Honor. No, Your Honor. What I'm concerned about. I hope that's not true. I fear that sometimes. Not at all. What I'm pointing out is the one agency doesn't know what the other is doing. Certainly not. I'm sure that. Government counsel would take inconsistent positions before the immigration judge and before the court of appeal. Never, Your Honor. Okay. Then with those assurances, Mr. Molina, please proceed. With those assurances, it was still the immigration judge's obligation pursuant to matter of lazada to satisfy himself that the requirements of matter of lazada were met. Now, in looking at the case, the immigration judge said even the agreement between counsel aside, those requirements were not met. So the attorney general cannot satisfy himself that a reopening was warranted. Now, with regard to, Your Honor, Judge Paez's question of obvious ineffective assistance of counsel on the record, that's problematic, because it's not evident on the record. In fact, as was pointed out earlier, counsel for Mr. Pagone never made an appearance in this case. It was always on the outside. Therefore, it's not on the record. When this Court goes through its jurisprudence. What's supported? What documents were filed in support of the motion? One letter by a paralegal for the Florence project indicating that she missed the deadline. But with respect to the continuation there from it. That was filed? That was in front of the? That was in front of the? Support of the joint motion to reopen. That is correct, Your Honor. The name is pretty clear. Well, that's only one part of the matter of Lizada test. The house didn't comply with? They did not file. There's no, the third requirement of matter of Lizada is the filing of a bar complaint or at least an explanation of why one was not filed. And that's a requirement this Court has never, never disposed of entirely. It has found that it can be satisfied in other ways. For example, in Rojas Garcia, this Court noted that the attorney turned himself into the bar. So the fact that the alien didn't file a bar complaint is of no consequence. I mean, it's pretty unusual for us to see an affidavit which basically bears her soul to the Court as to the fact that it was my fault. I just flat out missed it, and my client suffers as a result. Certainly, Your Honor. But at that point, that's just a mea culpa. Recall that under matter of Lizada? I don't see very many of those, Mr. Moore. That's what's unusual about this one. Well, certainly this Court has. And in fact, in the Rojas Garcia case, it had that type of circumstance. So with regard to the filing of a bar complaint, this Court's already commented that that helps to add to the sobriety of the requirements of complying with deadlines, et cetera. And what we have is just because an attorney says, whoops, I missed the deadline, there's no sobriety attached to that. It's just, you know, yeah, I made a mistake, but there's no consequence. At least in cases like Lowe, which you've heard my colleagues cite. Well, there were serious consequences here. Well, Your Honor, serious consequences for the alien, but not for the attorney. In other words, there was no expectation of what the bar is intended to do when it represents a client. Just because the letter is sent to the bar doesn't mean the bar is going to do anything. Well, that's the whole purpose of the Lizada requirements. Well, as this Court's already. Fundamental purpose of it. Just from the Board's perspective, what's the purpose of it? To adequately develop the case that the Board can recognize whether there was an actual issue. What else? Well, this Court's recognized three purposes, Your Honor. What are they? The first is, one, the affidavit is required so that the Board or the immigration judge can have a full layout of what happened. And that's why also there's a requirement that you see. I just want to make sure that there's a legitimate claim here. They need to flesh out the facts because they have no other. There's some legitimacy to the claim that they've been ineffective. Certainly, Your Honor. You still want some, you know, unsupported claim. Well, certainly, Your Honor. And the second requirement. And all of these requirements go to serve that, but we've said repeatedly and consistently they're not inflected, they're not rigid requirements. That is correct, Your Honor, but this Court has never excused the satisfaction of the purposes behind those requirements. And in this case, we do not have that. Why aren't the purposes satisfied here where you have explicit acknowledgement that a deadline was missed, you have the agency fessing up that they missed the deadline, you have a statement about what they agreed to do for the alien. What more do you need? Well, according to this Court, you need at least some type of sworn statement So the whole problem here is because the paralegal didn't put it under penalty of perjury. Is that what you're saying? Well, under Reyes v. Ashcroft, that's one problem, Your Honor. The other problem is that there's no statement regarding why or whether a bar complaint was filed or at least an explanation of why not. Now, this Court has excused that in circumstances, and I need to point that out, just like this case where an attorney simply missed a deadline, where the affidavit from the client said, I didn't file a bar complaint because it seemed like an honest mistake, et cetera. And the Court said, well, that's fine. But here we have no acknowledgement or explanation whatsoever as to why a bar complaint was not filed. And for that reason, the board, the immigration judge, did not have to reach that same judgment, that same conclusion. Well, you know, all this we can just put this aside for a moment because I'd like you to address the jurisdictional, the Taylor analysis. You know, what the I.J. said was, he said you're not eligible for underrelief because you're, you suffered a conviction under, what was it, 11352A of the California Welfare and Institutions Code. Health and safety. Health and safety code. Correct, Your Honor. So let me transition to that, if I can, with my remaining time. In this case, there were two grounds of dismissal or denial of asylum or finding that the inmate was not eligible. One was the fact that the immigration judge found there was an aggravated felony. The second was the immigration judge's finding that the asylum application was untimely. Now, there's nothing before the board raised with regard to that untimely. I don't recall seeing anywhere he talked, he said anything about untimeliness. He just said. Administrative record, page 53, Your Honor. He said you're. 53? Page 53 of the administrative record, Your Honor. 53. You know that it was untimely. Okay. Well, he never filed one. I'm sorry, Your Honor. 53? 53, I'm fairly certain, Your Honor. 53. 53 of the excerpts or the administrative record? Of the administrative record, Your Honor. I'm sorry if I was unclear about that. No, no. It's 53. You don't know where it is in the excerpts. Oh, well, actually, Your Honor, I need to apologize. I'm sorry. I misunderstood what the immigration judge was saying at that particular page. It is not that the asylum application was untimely pursuant to the one-year bar, which was what I took it to mean. It meant that it was untimely filed, i.e., not on the deadline set by the immigration judge. So let me withdraw that statement. Because he's been so clear with him on you better have it filed by this date or I'm going to be deported. That's correct. That's correct. But I still need to turn to that. When the Court turns to the aggravated felony finding of the immigration judge, there's one particular fact that's important here. It's that here, in the cancellation, in the asylum circumstance, the alien has the type of relief asserted. Now, in this case, there were conviction records. And the conviction records show the possibility this alien was convicted for an aggravated felony. He didn't even get a chance to even file an application. Well, that's true. You're not eligible. You're correct, Your Honor. And you can't file an asylum application. At that point, it's a no. Because you're being convicted of an aggravated felony. At that point, Your Honor, it's an asylum. Because our case line was just dead wrong. Under at that point, Your Honor, the Court is explaining what's a due process claim. The alien was not given an opportunity to make a claim, which would still require a showing of prejudice. Now, in this case, because the withholding application, which is also an asylum application, was not filed in a timely manner, that still provides that there is no prejudice resulting from that finding by the immigration judge. Had the application been filed in a timely manner, perhaps that finding would have to be changed, but it wasn't. So there's a second alternative reason why that asylum application has no prejudice attached to it, and now this case is going to hinge on the ineffective assistance of counsel claim. I would see if I can follow this. He was told he could not file the application? He was told that he was ineligible for asylum. Yeah. So and now you're saying it's untimely because he didn't file? An asylum application is the same as a withholding application. They're on the same form. So when he failed to file his withholding application — I don't know. But what's the difference? I mean, if you're told not, you can't file an asylum application, you say you can still be deported because you didn't file it in time after you're told you can't file it at all? The question is prejudice, Your Honor. And in this case, an asylum application is the same form as a withholding application. I don't see what difference that makes. I mean, you get the form and you say, okay, I'll cross out asylum. Well, you don't. I mean, you're filing — I don't — it seems to me you don't have any obligation to file because you're told you can't. There is an obligation to avoid creating other circumstances why one would be ineligible for asylum. And in this case, when the alien failed to file that application on time, he essentially failed to preserve — So what if he was told he couldn't file? No, it's the same application he said that he would file. I'm confused. I thought that what happened was he told him you're not eligible for asylum because you're an aggravated felon. But if you want to file an application for withholding of removal, notwithstanding the fact that you're not eligible for asylum, you have to file the application by this date certain or I'm going to remove you. Is that what happened? That is correct, Your Honor. Okay. So it was different relief even though it was filed on the same form. It's related relief filed on the same form. Well, if withholding of removal is granted, that's not the same thing as giving him asylum, is it? That is not, Your Honor. But when it comes to filing the — applying for that type of relief, it's the same form. It would have been the same deadline. It's all about the form. Well, again, with regard to the prejudice argument, that's what there is on the government's side, Your Honor. Okay. Okay. It would have been prejudiced if they had had two different forms. Quite likely, Your Honor. Now, with that, I see I've run out of time. If I may summarize. Yes. I'll keep it brief. In this case, the alien failed to file a timely asylum application and failed to file a motion to reopen for ineffective assistance of counsel based on the matter of Lozada factors. The immigration judge did not abuse his discretion in that regard, and as a consequence, there's neither prejudice nor harm to the alien in this case. For that reason, the Court should affirm the decision of the immigration judge. Thank you very much. I'd like to start out, if I could, with the asylum issue, because counsel has just said there was no prejudice that stemmed from the inability to file an application for asylum. That just respectfully doesn't make sense to me. My client is, at his removal hearing, doing everything that he can to comply with the proceedings, and he is told incorrectly, you cannot apply for asylum because of your aggravated felony, but you can apply for withholding. He then takes the application for withholding, which is the same form as the application for asylum. He proceeds to seek out counsel to fill it out for him. He fills it out. Counsel screws up, doesn't get it filed on time, and he is not able to seek either asylum or withholding. There would have been prejudice anyway, because had he filed that application, which is the same application, the I.J. would have just struck out asylum, because he had already said you're not eligible for this, and my client would have been prejudiced by not being permitted to apply for the relief that he's entitled to apply for. But let's assume in a perfect world that you were representing him at the time, and you had filled out the application and had filed it on the correct day, wouldn't you have included with your application the arguments or the proof that he was, in fact, eligible for asylum in order to try and convince the immigration judge to afford him that relief? Well, and the application sets out the facts that would make him eligible for asylum. The well-founded fear of persecution, the specific facts that, you know, caused his fear of persecution if he were returned to Columbia, that application would have entitled him to asylum. But Judge Tom was talking about the aggravated element. Right. You would have come back in. In a perfect world, you would have been there and you would have said you would come back to the I.J. and said, uh-uh, you're wrong. Here's these Ninth Circuit cases that say that this does not constitute an aggravated felony for purpose of asylum. So we're talking about in the perfect world. In a perfect world, absolutely. But that's just the case. Well, I guess where I was really going with my questioning is prejudice doesn't mean he didn't get the relief he wanted and, therefore, he was prejudiced. It means something slightly different, doesn't it? No. Prejudice means that he didn't get the opportunity to seek the relief that he was entitled to seek. That's exactly correct. That's the prejudice. That is absolutely correct. Okay. And going back to your question, Your Honor, that loops it back into the ineffective assistance of counsel issue. Yes, in a perfect world, the attorney or the paralegal would have filed the application setting out the factors saying we don't have to strictly comply, you know, this is why the aggravated felony isn't an aggravated felony. And then this all might have been avoided, but that didn't happen. The application didn't get timely filed. And that ineffective assistance of counsel prejudiced my client as well, because he never got the opportunity to present his case to the immigration judge. Do you have any further questions, Your Honors? Thank you, counsel. Thank you, Your Honors. This discharge will be submitted.
judges: Reinhardt, Paez, Tallman